IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEFAN MUELLER, NERO DAVIS, GRANT LUKE, PETER LITTLE, RONNIE MATHERNE, BOBBY NELTON, and, JEREMY MCGUIRE | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:21-CV-3687 |
| v. | § § § | |
| TRITON DIVING SERVICES, LLC, TALOS ENERGY, LLC, TALOS ENERGY OPERATING COMPANY, LLC, PHARMA-SAFE INDUSTRIAL SERVICES, INC., and C&G WELDING, INC. | § § § § § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants, Talos Energy LLC (incorrectly identified as "Talos Energy, LLC", hereafter "Talos Energy") and Talos Energy Operating Company LLC (incorrectly identified as "Talos Energy Operating Company, LLC", hereafter individually "Talos Operating", sometimes collectively with Talos Energy referred to as "Talos"), file their Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

### I.

### PENDING STATE COURT SUIT

1. On October 8, 2021, Plaintiffs, Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobby Nelton, and Jeremy McGuire (collectively "Plaintiffs") filed a civil action naming Talos, Triton Diving Services, LLC ("Triton"), Pharma-Safe Industrial

Services, Inc. ("Pharma-Safe"), and C&G Welding Inc. ("C&G"), as the defendants in Cause Number 2021-65951, entitled "*Stefan Mueller, Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, Bobby Nelton, and Jeremy McGuire v. Triton Diving Services, LLC, Talos Energy, LLC, Talos Energy Operating Company, LLC, Pharma-Safe Industrial Services, Inc., and C&G Welding, Inc.*", in the 125th District Court in Harris County, Texas. In Plaintiff's Original Petition for Damages ("Petition"), Plaintiffs alleged causes of action sounding in negligence and gross negligence against defendants for the alleged personal injury claims of Plaintiffs while located on the D/B HEDRON (erroneously referred to as the "Triton Hedron") allegedly owned by Triton, for the unseaworthiness of the HEDRON, and for the failure of Triton, Pharma-Safe and C&G to pay maintenance and cure and for punitive damages resulting from that failure, when the HEDRON was cast adrift from her moorings in Port Fourchon, Louisiana, as the result of Hurricane Ida, and thereafter drifted approximately 6 miles from shore outside of Louisiana's territorial waters on or about August 28, 2021.

2. Triton is allegedly the owner, operator, and/or manager of the HEDRON and the employer of Jeremy McGuire.

3. Talos Energy allegedly contracted with Triton to perform decommissioning operations, including the removal of platforms K, G and G-Quarters, fixed oil and gas development, production and transportation platforms, permanently affixed to Block 198, Ship Shoal Area, on the Outer Continental Shelf (hereafter "SS 198 K", "SS 198 G" and "SS 198 GQ", respectively).

4. Talos Operating also allegedly contracted with Triton to perform decommissioning operations, including the removal of platforms SS 198 K, SS 198 G and SS 198 GQ.

5. Pharma-Safe contracted with Triton to perform medical and safety operations associated with the decommissioning of SS 198 K, SS 198 G, and SS 198 GQ on board the HEDRON, and is the employer of Stefan Mueller.

6. C&G contracted with Triton to perform welding operations associated with the decommissioning of SS 198K, SS 198 G, and SS 198GQ on board the HEDRON, and is the employer of Nero Davis, Grant Luke, Peter Little, Ronnie Matherne, and Bobby Nelton.

7. Starting at August 12, 2021, and until she evacuated from SS 198 as the result of the approaching Hurricane Ida, the HEDRON, her crew and contractor personnel were engaged in decommissioning operations involving SS 198 K, SS 198 G and SS 198 GQ.

8. The HEDRON sought safe harbor from Hurricane Ida in Port Fourchon, Louisiana. As the hurricane approached the vicinity of the HEDRON, she reportedly broke from her moorings and was cast adrift in the Gulf of Mexico, where she rode out the remainder of the storm.

9. Upon the conclusion Hurricane Ida, the HEDRON resumed the decommissioning operations involving SS 198 K, SS 198 G, and SS 198GQ.

10. Talos did not employ any of the Plaintiffs in any capacity.

11. But for the path of Hurricane Ida, the HEDRON would have been engaged in decommissioning operations involving SS 198 K, SS 198 G and SS 198 GQ, not only in housing personnel who worked or were scheduled to work on the decommissioning project, but also serving as the work platform for personnel and equipment and providing the crane lifting capacity to perform the planned decommissioning and platform removal operations.

12. The name and address of the court from which the case is being removed is:

    125th District Court of Harris County, Texas
    201 Caroline, 10th Floor

Houston, TX 77002

13. The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

A-1 – Plaintiff's Original Petition

A-2 – Return of Service Information on All Defendants from Harris County Clerk of Court

Exhibit "B" – lists all counsel of record including address, telephone and fax number, and the parties they represent, respectively.

14. Presently, there has been no action taken by the state court in its proceeding.

## II.

## TIMING OF REMOVAL

15. Talos Energy was served with the Petition and Summons on October 11, 2021, through service on Talos Energy's agent for service of process. Talos Operating was served with the Petition and Summons on October 11, 2021, through service on Talos Operating's agent for service of process. Triton also was served with the Petition and Summons on November 8, 2021, through service on its agent for service of process. Pharma-Safe has yet to be served with the Petition and Summons. C&G was served with the Petition and Summons on November 8, 2021. Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of service of the Petition upon defendants, which was their first notice of the action.

## III.

## REMOVAL JURISIDICTION

16. This case is removable to this Court pursuant to 28 U.S.C. § 1441(a) as being a civil action brought in state court, but over which this federal district court has original

jurisdiction.

17. Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2). The United States Fifth Circuit broadly interprets this jurisdictional grant under OCSLA. *See, e.g., In re DEEPWATER HORIZON*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 401 (2014).

18. The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163. Both of those requirements for jurisdiction under OCSLA are satisfied here.

19. First, Plaintiffs' respective employments with Triton, Pharma-Safe and C&G furthered mineral development on the OCS by assisting in the decommissioning of oil and natural gas platforms. The operations at SS 198 K, SS 198 G, and SS 198 G-Q were and are conducted on the OCS in connection with the extraction of oil and natural gas from beneath the seabed. Thus, Plaintiffs' work and anticipated work on the HEDRON was in direct connection with mineral development operations on the OCS. See *Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 350 (5th Cir.1999); *EP Oper'g Ltd. P'ship v. Placid Oil Co*., 26 F.3d 563, 568 (5th Cir. 1994).

20. Second, Plaintiffs' alleged personal injuries would not have occurred but for Talos' operations at SS 198 and the need for the HEDRON and Plaintiffs to work at that location

to assist in the decommissioning of the SS 198 K, SS 198 G, and SS 198 G-Q platforms. If Plaintiffs had not been assigned to work on the HEDRON, then they would not have been traveling on the HEDRON when it broke from her moorings and rode out Hurricane Ida in the Gulf of Mexico, outside of Louisiana's territorial waters, where they allegedly claimed to have been personally injured. *Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) (Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction"); *Sam v. Laborde Marine, L.L.C*., 2020 WL 59633 (S.D. Tex. 2020) (Lake, J.).

21. The issue of whether an action is removable is not determined by the substantive law applicable to the Plaintiff's claims, but rather by the existence of subject matter jurisdiction in federal court. "[Their] attempt to intertwine the Section 1349 jurisdictional inquiry with OCSLA's choice of law provision, 43 U.S.C. § 1333, fails because the provisions and the issues they raise are distinct." *DEEPWATER HORIZON*, 745 F.3d at 164. "Federal courts may have jurisdiction to adjudicate a dispute under OCSLA, but they must then turn to the OCSCLA choice of law provision to ascertain whether state, federal or maritime law applied to a particular case." *Id*. Accordingly, the substantive law applicable to Plaintiffs' claims has no bearing on this Court's OCSLA jurisdiction. For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

## IV.

## **VENUE**

22. Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as

the 125th District Court of Harris County, Texas, where the state action is pending, is located within this district and division.

## V.

## ANSWER

23. No answer was filed by defendants in the state court proceeding. Talos will file responsive pleadings to the Petition within five (5) days of removal.

## VI.

## NOTICE TO ADVERSE PARTIES AND TO STATE COURT

24. As the removing party, Talos will give Plaintiffs prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

25. Talos also will file a copy of this Notice of Removal with the Clerk of Court for the 125th District Court, Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiffs' counsel.

## VII.

## CONSENT TO REMOVAL NOT NECESSARY

26. The Petition alleged that all Plaintiffs are American seamen. (Petition, paras. 4 – 10.) The Petition further alleged "On or about August 29, 2021, Plaintiffs, who are Jones Act seamen, were employed by the Defendant Triton, Pharma-Safe and C&G Welding and hired by Defendant Triton." (Petition, para. 16.) Because the Petition alleges that Plaintiffs were seamen employed by Triton, Pharma-Safe and C&G and hired by Triton, consent to this Notice of Removal was not required from either Triton, Pharma-Safe or C&G. 28 U.S.C. § 1441(c)(2). See also 46 U.S.C. § 30104 and 28 U.S.C. § 1445.

27. Nevertheless, because the Petition has alleged Triton, Pharma-Safe and C&G

were negligent in causing the personal injuries of all Plaintiffs, and not their respective employees, prior to filing this Notice of Removal, undersigned counsel for Talos forwarded a draft of this pleading to counsel for Triton, Pharma-Safe and C&G, who expressly consented to the removal of this suit to this Court.

**WHEREFORE**, Talos Energy LLC and Talos Energy Operating Company LLC respectfully request that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the 125th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

{*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*}

New Orleans, Louisiana, this 10th day of November, 2021.

Respectfully submitted,

**KING & JURGENS, L.L.C.**

/s/   James D. Bercaw
GEORGE B. JURGENS, III, T.A.
JAMES D. BERCAW
JEDD S. MALISH
Motions for admission *pro hac vice* to be filed
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
gjurgens@kingjurgens.com
jbercaw@kingjurgens.com
jmalish@kingjurgens.com

and

Michael S. Wright
Texas State Bar No. 22049900
6363 Woodway, Ste. 820
Houston, TX  77057
Tel:  713.334.5644
Fax:  713.715.4778
mwright@kingjurgens.com

*Attorneys for defendants, Talos Energy LLC and Talos Energy Operating Company LLC*