IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEFAN MUELLER, NERO DAVIS, GRANT LUKE, PETER LITTLE, RONNIE MATHERNE, BOBBY NELTON, and, JEREMY MCGUIRE | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:21-CV-3687 |
| v. | § § | |
| TRITON DIVING SERVICES, LLC, TALOS ENERGY, LLC, TALOS ENERGY OPERATING COMPANY, LLC, PHARMA-SAFE INDUSTRIAL SERVICES, INC., and C&G WELDING, INC. | § § § § § § § § | |
| Defendants. | § | |

**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES OF TALOS ENERGY, LLC AND TALOS ENERGY OPERATING COMPANY, LLC**

Defendants, Talos Energy LLC (incorrectly identified as "Talos Energy, LLC", hereafter "Talos Energy") and Talos Energy Operating Company, LLC (incorrectly identified as "Talos Energy Operating Company, LLC", hereafter individually as "Talos Operating", and sometimes collectively with Talos Energy as "Talos"), and for answer to Plaintiffs' Original Petition (Dkt. 1-1, hereafter "Petition") alleges and avers on information and belief, as follows:

**ANSWER TO PETITION**

For answer to the individual allegations of the Petition, Talos alleges and avers, on information and belief, as follows:

**I.**

**Jurisdiction**

1.   Talos denies the truth of the allegations of Paragraph 1 of the Petition.  Talos alleges and

avers that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(a) because the claims of Plaintiffs at issue were the result of an operation within Block 198, Ship Shoal Area, on the Outer Continental Shelf ("SS 198") as more fully set forth in the Notice of Removal (Dkt. No. 1.)

## II.

## Venue

2.  Talos admits that venue is proper in this Court as the 11th Judicial District Court for Harris County, Texas, from which court this suit was removed, is located within the physical jurisdiction of this Court.  Except as expressly admitted, Talos denies the truth of the remaining allegations of Paragraph 2 of the Petition.

## III.

## Discovery Level

3.  The allegations of Paragraph 3 of the Petition do not require a response on the part of Talos; however, should this Court require and answer thereto, Talos denies the truth of the allegations of Paragraph 3 of the Petition.  Talos further alleges and avers that discovery will be conducted in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court as well as the Procedures of this Court.

## IV.

## Parties

4.  Talos denies the truth of the allegations of Paragraph 4 of the Petition for lack of information or knowledge sufficient to form a belief.

5.  Talos denies the truth of the allegations of Paragraph 5 of the Petition for lack of information or knowledge sufficient to form a belief.

6.  Talos denies the truth of the allegations of Paragraph 6 of the Petition for lack of

information or knowledge sufficient to form a belief.

7. Talos denies the truth of the allegations of Paragraph 7 of the Petition for lack of information or knowledge sufficient to form a belief.

8. Talos denies the truth of the allegations of Paragraph 8 of the Petition for lack of information or knowledge sufficient to form a belief.

9. Talos denies the truth of the allegations of Paragraph 9 of the Petition for lack of information or knowledge sufficient to form a belief.

10. Talos denies the truth of the allegations of Paragraph 10 of the Petition for lack of information or knowledge sufficient to form a belief.

11. Talos denies the truth of the allegations of Paragraph 11 of the Petition for lack of information or knowledge sufficient to form a belief.

12. Talos admits that Talos Energy is a foreign limited liability company, that its principal place of business is in Harris County, Texas, as well as the identity and address of its registered agent. Except as expressly admitted, Talos denies the truth of the remaining allegations of Paragraph 12 of the Petition.

13. Talos admits that Talos Operating is a foreign limited liability company, that its principal place of business is in Harris County, Texas, as well as the identity and address of its registered agent. Except as expressly admitted, Talos denies the truth of the remaining allegations of Paragraph 13 of the Petition.

14. Talos denies the truth of the allegations of Paragraph 14 of the Petition for lack of information or knowledge sufficient to form a belief.

15. Talos denies the truth of the allegations of Paragraph 15 of the Petition for lack of information or knowledge sufficient to form a belief.

**V.**

**Facts**

16. Talos admits that at all relevant times the D/B HEDRON was a vessel in navigation upon navigable waters. Except as expressly admitted, Talos denies the truth of the remaining allegations of Paragraph 16 of the Petition for lack of information or knowledge sufficient to form a belief.

17. Talos admits that at all relevant times, the D/B HEDRON was deployed on navigable waters. Except as expressly admitted, Talos denies the truth of the allegations of Paragraph 17 of the Petition. Talos further avers and alleges that it executed a turnkey contract with one or more Triton entities for decommissioning activities within SS 198, including the removal of Platforms K, G, and GQ; that the D/B HEDRON was assigned to perform the decommissioning project, which began on August 12, 2021, and continued until August 26, 2021, when Triton declared a Tropical Weather Stand-By and thereafter directed the D/B HEDRON to seek safe harbor at or near Port Fourchon, Louisiana, where she timely arrived during August 27, 2021. Talos further avers and alleges that during August 29, 2021, the D/B HEDRON broke from her moorings in Port Fourchon as the result of weather, wind and sea conditions caused by Hurricane Ida, and the barge subsequently drifted into the Gulf of Mexico approximately six (6) miles southwest of the Belle Pass jetties, outside of Louisiana territorial waters. Talos further alleges and avers that the D/B HEDRON remained outside of Louisiana territorial waters until repairs were completed and Triton declared a cessation of the Tropical Weather Stand-By on September 17, 2021, at which time the D/B HEDRON returned to SS 198 to resume the decommissioning project until its completion. During the foregoing time periods and events, all direction and control over vessel operations, including the decisions to seek safe harbor, to moor or otherwise secure the D/B HEDRON, for personnel to depart or remain on board the D/B HEDRON during Hurricane Ida, and to utilize the

sea anchor were ordered, controlled, and conducted by personnel neither employed not controlled by Talos.

18.     Talos admits that prior to Triton's decision on August 26, 2021, to have the D/B HEDRON seek shelter as a result of the approach of Hurricane Ida, the D/B HEDRON and Plaintiffs were engaged in the decommissioning of structures within SS 198, namely the removal of platforms K, G and GQ, and that the D/B HEDRON timely sought safe harbor in or near Port Fourchon, Louisiana.  Except as expressly admitted, Talos denies the truth of the allegations of Paragraph 18 of the Petition for lack of information or knowledge sufficient to form a belief.

19.     Talos denies the truth of the allegations of Paragraph 19 of the Petition for lack of information or knowledge sufficient to form a belief.

20.     Talos denies the truth of the allegations of Paragraph 20 of the Petition for lack of information or knowledge sufficient to form a belief.

21.     To the extent the allegations of Paragraph 21 of the Petition pertain to Talos, Talos denies the truth of same.  To the extent the allegations of Paragraph 21 of the Petition do not pertain to Talos, Talos denies the truth of the remaining allegations of Paragraph 21 of the Petition for lack of information or knowledge sufficient to form a belief.

### VI.

### Causes of Action

**A. Negligence**

22.     Talos realleges and reavers its answers to the individual allegations of Paragraphs 1 through 21, as well as 38 hereafter, as if same were copied herein in extenso in answer to the allegations of Paragraph 22 of the Petition.

23. Talos denies the truth of the allegations of Paragraph 23, including its subparts (a) through (m), of the Petition.

24. Talos denies the truth of the allegations of Paragraph 24 of the Petition.

25. Talos denies the truth of the allegations of Paragraph 25 of the Petition. In further answer, because neither Talos Energy nor Talos Operating employed nor are alleged to have employed any of the Plaintiffs, Talos is and was not responsible for paying Plaintiffs maintenance and cure or for any alleged arbitrary and capricious failure to pay Plaintiffs maintenance and cure, as a matter of law.

26. Talos denies the truth of the allegations of Paragraph 26 of the Petition.

### B. Unseaworthiness

27. Talos realleges and reavers its answers to the individual allegations of Paragraphs 1 through 26, as well as 38 hereafter, as if same were copied herein in extenso in answer to the allegations of Paragraph 27 of the Petition.

28. Talos denies the truth of the allegations of Paragraph 28 of the Petition for lack of knowledge or information sufficient to form a belief.

29. Talos denies the truth of the allegations of Paragraph 29 of the Petition. In further answer to Paragraph 29, Talos alleges and avers that it does not owe any of the Plaintiffs any warranty of seaworthiness as a matter of law.

30. Talos denies the truth of the allegations of Paragraph 30 of the Petition. In further answer to Paragraph 30, Talos alleges and avers that it does not owe Plaintiff any warranty of seaworthiness as a matter of law.

### C. Failure to Pay Maintenance and Cure Against the Defendants Triton, Pharma-Safe and C&G Welding.

31. The allegations of Section VI(C) of the Petition do not apply to Talos for which an answer

{N1918316 -}  6

is required; however, to the extent this Court requires an answer thereto, Talos realleges and reavers its answers to the individual allegations of Paragraphs 1 through 30, as well as 38 hereafter, as if same were copied herein in extenso in answer to the allegations of Paragraph 31 of the Petition.

32. The allegations of Section VI(C) of the Petition do not apply to Talos for which an answer is required; however, to the extent this Court requires an answer thereto, Talos denies the truth of the allegations of Paragraph 32 for lack of knowledge or information sufficient to form a belief.

33. The allegations of Section VI(C) of the Petition do not apply to Talos for which an answer is required; however, to the extent this Court requires an answer thereto, Talos denies the truth of the allegations of Paragraph 33 for lack of knowledge or information sufficient to form a belief.

34. The allegations of Section VI(C) of the Petition do not apply to Talos for which an answer is required; however, to the extent this Court requires an answer thereto, Talos denies the truth of the allegations of Paragraph 34 for lack of knowledge or information sufficient to form a belief.

35. The allegations of Section VI(C) of the Petition do not apply to Talos for which an answer is required; however, to the extent this Court requires an answer thereto, Talos denies the truth of the allegations of Paragraph 35 for lack of knowledge or information sufficient to form a belief.

## VII.

## Jury Trial

36. The allegations of Paragraph 36 of the Petition do not require a response on the part of Talos; however, should this Court require an answer thereto, Talos denies the truth of Paragraph 36 of the Petition.

37. The allegations of Paragraph 37 of the Petition do not require a response on the part of Talos; however, should this Court require an answer thereto, Talos denies the truth of Paragraph 37 for lack of knowledge or information sufficient to form a belief.

## VIII.

## Prayer

38. To the extent this Court requires an answer to any prefatory, introductory or unnumbered Paragraph or the Prayer of the Petition, Talos denies the truth of same.

## AFFIRMATIVE DEFENSES

AND NOW, Talos proffers the following affirmative defenses to Plaintiff's Petition:

1. The Petition fails to state a claim or cause of action against Talos.

2. At all times relevant herein, Talos did not own nor operate the D/B HEDRON, the M/V TRITON HEDRON or any other vessel involved in Plaintiffs' alleged accident, which barge had been selected by her owner and/or operator to provide services to Talos pursuant to a turnkey contract with one or more Triton entities to conduct decommissioning activities within SS 198, including the removal of three platforms from the seabed in SS 198, in which all direction and control over vessel operations, including the decisions to seek safe harbor, to moor or otherwise secure the D/B HEDRON, to depart or remain on the D/B HEDRON during Hurricane Ida, and to utilize the sea anchor were ordered, controlled and conducted by personnel neither employed nor controlled by Talos, and thus Talos should be dismissed from this suit, with prejudice.

3. At no time did Talos own, bare boat charter or operate the D/B HEDRON or the M/V TRITON HEDRON, and therefore all causes of action by any of the Plaintiffs against Talos for unseaworthiness or breach of the warranty of seaworthiness should be dismissed, as a matter of law.

4. At no time did Talos employ any of the Plaintiffs, much less as a seaman, and therefore all causes of action by any of the Plaintiffs against Talos for maintenance and cure or for non-payment of maintenance and cure should be dismissed, as a matter of law.

5. If the any of the Plaintiffs were injured as alleged, which is expressly denied, then any such injury or injuries were caused or contributed to by an Act of God or *force majeure*.

6. None of the Plaintiffs can recover attorney's fees from Triton, as a matter of the general maritime law.

7. The alleged damages of Stefan Mueller, which are denied, resulted from a condition which was open and obvious to him.

8. Talos denies any and all fault, negligence, or responsibility for Stefan Mueller's alleged damages, which are denied. Talos affirmatively alleges and avers that any damages sustained by Stefan Mueller were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Talos affirmatively pleads as a complete bar to or in diminution of, any award of damages to Stefan Mueller.

9. If Stefan Mueller suffered any damages as alleged, which is denied, Talos affirmatively avers that Stefan Mueller's damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Talos is not legally responsible.

10. Talos affirmatively avers that Stefan Mueller has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Talos for which he may recover any amount, and further, that Stefan Mueller has failed to mitigate any alleged damages he now claims.

11. Alternatively, Talos affirmatively avers that in the event that it is found negligent or

otherwise at fault in any way to Stefan Mueller, which is denied, then the other acts or omissions of Stefan Mueller or third persons, parties, contractors, or entities for whose actions Talos is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

12. Alternatively, Talos affirmatively avers that in the event that it is found liable in any way to Stefan Mueller, which is denied, any liability on Talos's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Talos is not responsible.

13. Stefan Mueller's claims against Talos are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

14. Alternatively, Stefan Mueller's alleged damages, medical treatment and claims against Talos, which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to August 29, 2021, and for none of which Talos is legally responsible.

15. If Stefan Mueller's allegations are correct that he is a Jones Act seaman, which is expressly denied, then he cannot recovery any non-pecuniary, punitive or exemplary damages against Talos as a matter of law.

16. Stefan Mueller's economic damages are limited to any post-tax earnings as a matter of law.

17. Stefan Mueller may not recover or admit evidence of medical expenses unless those expenses were actually paid or incurred.

18. The alleged damages of Nero Davis, which are denied, resulted from a condition which was open and obvious to him.

19. Talos denies any and all fault, negligence, or responsibility for Nero Davis' alleged

damages, which are denied. Talos affirmatively alleges and avers that any damages sustained by Nero Davis were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Talos affirmatively pleads as a complete bar to or in diminution of, any award of damages to Nero Davis.

20. If Nero Davis suffered any damages as alleged, which is denied, Talos affirmatively avers that Nero Davis' damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Talos is not legally responsible.

21. Talos affirmatively avers that Nero Davis has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Talos for which he may recover any amount, and further, that Nero Davis has failed to mitigate any alleged damages he now claims.

22. Alternatively, Talos affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Nero Davis, which is denied, then the other acts or omissions of Nero Davis or third persons, parties, contractors, or entities for whose actions Talos is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

23. Alternatively, Talos affirmatively avers that in the event that it is found liable in any way to Nero Davis, which is denied, any liability on Talos's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Talos is not responsible.

24. Nero Davis' claims against Talos are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

25. Alternatively, Nero Davis' alleged damages, medical treatment and claims against Talos,

which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to August 29, 2021, and for none of which Talos is legally responsible.

26. If Nero Davis' allegations are correct that he is a Jones Act seaman, which is expressly denied, then he cannot recovery any non-pecuniary, punitive or exemplary damages against Talos as a matter of law.

27. Nero Davis' economic damages are limited to any post-tax earnings as a matter of law.

28. Nero Davis may not recover or admit evidence of medical expenses unless those expenses were actually paid or incurred.

29. The alleged damages of Grant Luke, which are denied, resulted from a condition which was open and obvious to him.

30. Talos denies any and all fault, negligence, or responsibility for Grant Luke's alleged damages, which are denied. Talos affirmatively alleges and avers that any damages sustained by Grant Luke were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Talos affirmatively pleads as a complete bar to or in diminution of, any award of damages to Grant Luke.

31. If Grant Luke suffered any damages as alleged, which is denied, Talos affirmatively avers that Grant Luke's damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Talos is not legally responsible.

32. Talos affirmatively avers that Grant Luke has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Talos for which he may recover any amount, and further, that Grant Luke has failed to mitigate any alleged damages he now claims.

33. Alternatively, Talos affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Grant Luke, which is denied, then the other acts or omissions of Grant Luke or third persons, parties, contractors, or entities for whose actions Talos is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

34. Alternatively, Talos affirmatively avers that in the event that it is found liable in any way to Grant Luke, which is denied, any liability on Talos's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Talos is not responsible.

35. Grant Luke's claims against Talos are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

36. Alternatively, Grant Luke's alleged damages, medical treatment and claims against Talos, which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to August 29, 2021, and for none of which Talos is legally responsible.

37. If Grant Luke's allegations are correct that he is a Jones Act seaman, which is expressly denied, then he cannot recovery any non-pecuniary, punitive or exemplary damages against Talos as a matter of law.

38. Grant Luke's economic damages are limited to any post-tax earnings as a matter of law.

39. Grant Luke may not recover or admit evidence of medical expenses unless those expenses were actually paid or incurred.

40. The alleged damages of Peter Little, which are denied, resulted from a condition which was open and obvious to him.

41. Talos denies any and all fault, negligence, or responsibility for Peter Little's alleged damages, which are denied. Talos affirmatively alleges and avers that any damages sustained by Peter Little were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Talos affirmatively pleads as a complete bar to or in diminution of, any award of damages to Peter Little.

42. If Peter Little suffered any damages as alleged, which is denied, Talos affirmatively avers that Peter Little's damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Talos is not legally responsible.

43. Talos affirmatively avers that Peter Little has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Talos for which he may recover any amount, and further, that Peter Little has failed to mitigate any alleged damages he now claims.

44. Alternatively, Talos affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Peter Little, which is denied, then the other acts or omissions of Peter Little or third persons, parties, contractors, or entities for whose actions Talos is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

45. Alternatively, Talos affirmatively avers that in the event that it is found liable in any way to Peter Little, which is denied, any liability on Talos's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Talos is not responsible.

46. Peter Little's claims against Talos are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

47.     Alternatively, Peter Little's alleged damages, medical treatment and claims against Talos, which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to August 29, 2021, and for none of which Talos is legally responsible.

48.     If Peter Little's allegations are correct that he is a Jones Act seaman, which is expressly denied, then he cannot recovery any non-pecuniary, punitive or exemplary damages against Talos as a matter of law.

49.     Peter Little's economic damages are limited to any post-tax earnings as a matter of law.

50.     Peter Little may not recover or admit evidence of medical expenses unless those expenses were actually paid or incurred.

51.     The alleged damages of Ronnie Matherne, which are denied, resulted from a condition which was open and obvious to him.

52.     Talos denies any and all fault, negligence, or responsibility for Ronnie Matherne's alleged damages, which are denied. Talos affirmatively alleges and avers that any damages sustained by Ronnie Matherne were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Talos affirmatively pleads as a complete bar to or in diminution of, any award of damages to Ronnie Matherne.

53.     If Ronnie Matherne suffered any damages as alleged, which is denied, Talos affirmatively avers that Ronnie Matherne's damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Talos is not legally responsible.

54.     Talos affirmatively avers that Ronnie Matherne has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Talos for which he may

recover any amount, and further, that Ronnie Matherne has failed to mitigate any alleged damages he now claims.

55. Alternatively, Talos affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Ronnie Matherne, which is denied, then the other acts or omissions of Ronnie Matherne or third persons, parties, contractors, or entities for whose actions Talos is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

56. Alternatively, Talos affirmatively avers that in the event that it is found liable in any way to Ronnie Matherne, which is denied, any liability on Talos's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Talos is not responsible.

57. Ronnie Matherne's claims against Talos are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

58. Alternatively, Ronnie Matherne's alleged damages, medical treatment and claims against Talos, which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to August 29, 2021, and for none of which Talos is legally responsible.

59. If Ronnie Matherne's allegations are correct that he is a Jones Act seaman, which is expressly denied, then he cannot recovery any non-pecuniary, punitive or exemplary damages against Talos as a matter of law.

60. Ronnie Matherne's economic damages are limited to any post-tax earnings as a matter of law.

61. Ronnie Matherne may not recover or admit evidence of medical expenses unless those

expenses were actually paid or incurred.

62. The alleged damages of Bobby Nelton, which are denied, resulted from a condition which was open and obvious to him.

63. Talos denies any and all fault, negligence, or responsibility for Bobby Nelton's alleged damages, which are denied. Talos affirmatively alleges and avers that any damages sustained by Bobby Nelton were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Talos affirmatively pleads as a complete bar to or in diminution of, any award of damages to Bobby Nelton.

64. If Bobby Nelton suffered any damages as alleged, which is denied, Talos affirmatively avers that Bobby Nelton's damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Talos is not legally responsible.

65. Talos affirmatively avers that Bobby Nelton has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Talos for which he may recover any amount, and further, that Bobby Nelton has failed to mitigate any alleged damages he now claims.

66. Alternatively, Talos affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Bobby Nelton, which is denied, then the other acts or omissions of Bobby Nelton or third persons, parties, contractors, or entities for whose actions Talos is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

67. Alternatively, Talos affirmatively avers that in the event that it is found liable in any way to Bobby Nelton, which is denied, any liability on Talos's part is merely joint liability and not joint

and several (nor *in solido*) with the liability of other parties or non – parties for whom Talos is not responsible.

68. Bobby Nelton's claims against Talos are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

69. Alternatively, Bobby Nelton's alleged damages, medical treatment and claims against Talos, which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to August 29, 2021, and for none of which Talos is legally responsible.

70. If Bobby Nelton's allegations are correct that he is a Jones Act seaman, which is expressly denied, then he cannot recovery any non-pecuniary, punitive or exemplary damages against Talos as a matter of law.

71. Bobby Nelton's economic damages are limited to any post-tax earnings as a matter of law.

72. Bobby Nelton may not recover or admit evidence of medical expenses unless those expenses were actually paid or incurred.

73. The alleged damages of Jeremy McGuire, which are denied, resulted from a condition which was open and obvious to him.

74. Talos denies any and all fault, negligence, or responsibility for Jeremy McGuire's alleged damages, which are denied. Talos affirmatively alleges and avers that any damages sustained by Jeremy McGuire were caused solely by his own inattention, negligence, want of caution and care, or other fault, which fault or negligence amounts to contributory or comparative negligence which Talos affirmatively pleads as a complete bar to or in diminution of, any award of damages to Jeremy McGuire.

75. If Jeremy McGuire suffered any damages as alleged, which is denied, Talos affirmatively

avers that Jeremy McGuire's damages were caused solely by the fault of third persons, parties, contractors, or entities for whose actions Talos is not legally responsible.

76.     Talos affirmatively avers that Jeremy McGuire has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Talos for which he may recover any amount, and further, that Jeremy McGuire has failed to mitigate any alleged damages he now claims.

77.     Alternatively, Talos affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Jeremy McGuire, which is denied, then the other acts or omissions of Jeremy McGuire or third persons, parties, contractors, or entities for whose actions Talos is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

78.     Alternatively, Talos affirmatively avers that in the event that it is found liable in any way to Jeremy McGuire, which is denied, any liability on Talos's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Talos is not responsible.

79.     Jeremy McGuire's claims against Talos are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

80.     Alternatively, Jeremy McGuire's alleged damages, medical treatment and claims against Talos, which are denied, are solely the result of a pre – existing condition or condition(s) for which he was receiving medical treatment, therapy or medications prior to August 29, 2021, and for none of which Talos is legally responsible.

81.     If Jeremy McGuire's allegations are correct that he is a Jones Act seaman, which is expressly denied, then he cannot recovery any non-pecuniary, punitive or exemplary damages

against Talos as a matter of law.

82. Jeremy McGuire's economic damages are limited to any post-tax earnings as a matter of law.

83. Jeremy McGuire may not recover or admit evidence of medical expenses unless those expenses were actually paid or incurred.

84. Talos specifically reserves the right to assert such additional and further affirmative defenses as may be appropriate as determined by further investigation and discovery.

| | |
|---|---|
| New Orleans, Louisiana<br>November 17, 2021 | Respectfully submitted,<br><br>KING & JURGENS, L.L.C.<br><br>__/s/ James D. Bercaw_____<br>George B. Jurgens, III<br>Motion for admission pro hac vice to be filed<br>gjurgens@kingjurgens.com<br>James D. Bercaw (*pro hac vice*)<br>jbercaw@kingjurgens.com<br>Jedd S. Malish<br>Motion for admission pro hac vice to be filed<br>jmalish@kingjurgens.com<br>201 St. Charles Ave., Ste. 4500<br>New Orleans, Louisiana 70170<br>Tel: 504.582.3800<br>Fax: 504.582.1233<br><br>and<br><br>Michael S. Wright<br>Texas State Bar No. 22049900<br>6363 Woodway, Ste. 820<br>Houston, TX 77057<br>Tel: 713.334.5644<br>Fax: 713.715.4778<br>Email: mwright@kingjurgens.com<br><br>Attorneys for defendants,<br>Talos Energy LLC and Talos<br>Energy Operating Company LLC |