UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| STEFAN MUELLER, ET AL. | § | |
|---|---|---|
| Plaintiffs | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:21−cv−03687 |
| TRITON DIVING SERVICES, LLC, ET AL. | § § § § | |
| Defendants | § | |

## TRITON DIVING SERVICES, LLC'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Defendant Triton Diving Services, LLC ("Triton") and files this, its Answer to Plaintiffs' Original Petition (Dkt. No. 1), and would show unto the Court the following:

### I. Jurisdiction

1. Triton denies the allegations in ¶1.

### II. Venue

2. Triton denies the allegations in ¶2.

### III. Discovery level

3. Triton is not required to respond to the statements in ¶3.

### IV. Parties

4. Triton is without knowledge to respond to the statements in ¶4.

5. Triton is without knowledge to respond to the statements in ¶5.

6. Triton is without knowledge to respond to the statements in ¶6.

7. Triton is without knowledge to respond to the statements in ¶7.

8. Triton is without knowledge to respond to the statements in ¶8.

9. Triton is without knowledge to respond to the statements in ¶9.

10. Triton is without knowledge to respond to the statements in ¶10.

11. Triton is without knowledge to respond to the statements in ¶11.

12. Triton admits that Triton Diving Services, LLC is a foreign for-profit limited liability company and that its registered agent is Eric Trosclair, 11095 Highway 308, Larose, Louisiana 70373. Triton denies the remainder of the allegations in ¶12.

13. Triton is without knowledge to respond to the statements in ¶13.

14. Triton is without knowledge to respond to the statements in ¶14.

15. Triton is without knowledge to respond to the statements in ¶15.

## V. Facts

16. Triton admits that Plaintiff were on board the D/B HEDRON on August 29, 2021, and that the D/B HEDRON was a vessel in navigation upon navigable waters on August 29, 2021. Triton is without knowledge to respond to the remainder of the statements in ¶16.

17. Triton admits that Triton was contracted by Talos Energy to perform offshore operations and that, at all times material, Triton operated the D/B HEDRON. Triton is without knowledge to respond to the remainder of statements in ¶17.

18. Triton admits that Plaintiffs were working aboard the D/B HEDRON in Port Fourchon, Louisiana as of August 27, 2021. Triton is without knowledge to respond to the remainder of the statements in ¶18.

19. Triton admits that the D/B HEDRON broke free of her moorings on August 29, 2021 and drifted into the Gulf of Mexico. Triton denies the remainder of the statements in ¶19.

20. Triton is without knowledge to respond to the statements in ¶20.

21. Triton denies the allegations in ¶21.

## VI. Causes of action

22. Triton is not required to respond to the statements in ¶22.

23. Triton denies the allegations in ¶23.

24. Triton denies the allegations in ¶24.

25. Triton denies the allegations in ¶25.

26. Triton denies the allegations in ¶26.

27. Triton is not required to respond to the statements in ¶27.

28. Triton admits that Triton operated the D/B HEDRON at all times relevant but denies the remainder of the statements in ¶28.

29. Triton denies the allegations in ¶29.

30. Triton denies the allegations in ¶30.

31. Triton is not required to respond to the statements in ¶31.

32. Triton is not required to respond to the legal conclusions in ¶32. Triton is without knowledge to respond to the remainder of the allegations in ¶32.

33. Triton is not required to respond to the legal conclusions in ¶33.

34. Triton denies the allegations in ¶34 as they pertain to Jeremy McGuire. The remainder of the allegations in ¶34 do not apply to Triton and therefore are denied.

35. Triton denies the allegations in ¶35 as they pertain to Jeremy McGuire. The remainder of the allegations in ¶34 do not apply to Triton and therefore are denied.

## VII. Jury Trial

36. Triton is not required to respond to the statements in ¶36.

37. Triton is not required to respond to the statements in ¶37.

### VIII. Prayer

38. Triton is not required to respond to the statements in Plaintiffs' Prayer. However, to the extent Plaintiffs make allegations or seek relief in ¶38, Triton denies all such allegations and relief sought.

### TRITON'S AFFIRMATIVE DEFENSES

39. Triton asserts that it was not the employer of any Plaintiff except for Jeremy McGuire at the time of the incident and Triton is therefore not obligated to pay maintenance and cure to any other Plaintiff. As such, all maintenance and cure claims as to any Plaintiff except for Jeremy McGuire should be dismissed as to Triton.

40. Triton asserts that Plaintiffs caused or contributed to his own injuries and damages in that he failed to exercise that degree of care imposed upon him in law, thus rendering him comparatively negligent, such that any claims asserted herein by Plaintiffs should be reduced and/or barred in consequences thereof and in proportion thereto.

41. Triton asserts that Plaintiffs have failed to mitigate their damages and, consequently, engaged in conduct which exacerbated the damages sued upon herein.

42. Triton further asserts that Plaintiffs' alleged injuries and damages, if any, were the result of risks assumed by Plaintiffs and/or occurred, if at all, as a proximate result of the risks of the natural hazards of the occupation, activity, or habit that were or should have been realized and appreciated by Plaintiffs.

43. Triton further asserts that the injuries, illnesses, and damages allegedly sustained by Plaintiffs were the result of an "unavoidable accident," as that term is known and understood in law, i.e., an event occurring without the negligence of any party to it.

44. Triton further asserts that Plaintiffs' damages, if any, were caused by the negligent acts and/or omissions or other legal fault of a party for whom Triton is not legally responsible, including Plaintiffs, and that Triton is entitled to contribution/indemnity for any damages caused by those parties.

45. Triton further asserts that Plaintiffs' claims for punitive, pecuniary, or exemplary damages are barred as a matter of law if Plaintiffs were not Jones Act seamen as alleged.

46. Triton further asserts that Plaintiffs' injuries, if any, were the result of an Act of God (*force majeure*).

47. Triton further asserts that Plaintiffs' injuries, if any, predated the incident giving rise to this suit and, as such, are pre-existing conditions for which Triton is not liable or responsible.

48. Triton further asserts that Plaintiff cannot, as a matter of law, recover attorneys' fees from Triton in this action.

49. Triton further asserts that Plaintiffs' individual and respective economic damages are limited to any post-tax earnings.

50. Triton further asserts that Plaintiffs' individual and respective recovery of medical or healthcare expenses is limited to those amounts actually paid or incurred by or on behalf of said respective Plaintiffs.

51. Triton asserts that Plaintiffs' claims against Triton are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

52. Triton reserves the right to amend and/or supplement its answers and defenses herein.

53. Triton prays that Plaintiffs take nothing herein, that they be discharged with their costs, and that Triton be granted any and all relief to which they may be justly entitled.

Respectfully submitted,

ANDERSON BURNSIDE PLLC

*/s/ Blair H. Burnside*
Blair H. Burnside
Fed. I.D. No. 951481
State Bar No. 24050357
Email: bburnside@andersonburnside.com
Jonathan C. Anderson
Federal I.D. No. 622375
State Bar No. 24040433
Email: janderson@andersonburnside.com
4888 Loop Central Drive, Suite 530
Houston, Texas 77081
Telephone: (713) 325-0301
Facsimile: (713) 325-0302
*Attorneys for Tritons*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of ANDERSON BURNSIDE PLLC, attorneys for Defendant Triton Diving Services, LLC, and that I have provided a copy of the foregoing to all counsel of record via electronic filing and electronic mail this **29th** day of **November, 2021**.

*/s/ Blair H. Burnside*
Blair H. Burnside