UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEFAN MUELLER, ET AL. | § § § § | |
| **Plaintiffs** | § § | |
| VS. | § § § | CIVIL ACTION NO. 4:21−cv−03687 |
| TRITON DIVING SERVICES, LLC, ET AL. | § § § § | |
| **Defendants** | § | |

# C & G WELDING INC.'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Defendant C&G Welding, Inc. ("C&G") and files this, its Answer to Plaintiffs' Original Petition (Dkt. No. 1), and would respectfully show unto this Honorable Court the following:

### I.     Jurisdiction

1. C&G denies the allegations in Paragraph I of Plaintiffs' Original Petition.

### II.     Venue

2. C&G denies the allegations in Paragraph II of Plaintiffs' Original Petition.

### III.     Discovery level

3. C&G denies the statements in Paragraph III of Plaintiffs' Original Petition.

### IV.     Parties

4. C&G is without sufficient knowledge to respond to the statements in Paragraph 4 of Plaintiffs' Original Petition.

5. C&G denies the statements in Paragraph 5 of Plaintiffs' Original Petition.

6. C&G denies the statements in Paragraph 6 of Plaintiffs' Original Petition.

7. C&G denies the statements in Paragraph 7 of Plaintiffs' Original Petition.

8. C&G denies the statements in Paragraph 8 of Plaintiffs' Original Petition.

9. C&G denies the statements in Paragraph 9 of Plaintiffs' Original Petition.

10. C&G is without sufficient knowledge to respond to the statements in Paragraph 10 of Plaintiffs' Original Petition.

11. C&G is without sufficient knowledge to respond to the statements in Paragraph 11 of Plaintiffs' Original Petition.

12. C&G is without knowledge to respond to the statements in Paragraph 12 of Plaintiffs' Original Petition.

13. C&G is without knowledge to respond to the statements in Paragraph 13 of Plaintiffs' Original Petition.

14. C&G is without knowledge to respond to the statements in Paragraph 14 of Plaintiffs' Original Petition.

15. C&G admits that it is a foreign corporation but denies that it does a substantial amount of business in Texas.

## V.     Facts

16. C&G admits that some Plaintiffs were on board the D/B HEDRON on August 29, 2021. C&G is without knowledge to respond to the remainder of the statements in Paragraph 16 of Plaintiffs' Original Petition, and therefore must deny same.

17. C&G denies the allegations in Paragraph 17 as it is without knowledge to respond to the statements in Paragraph 17 of Plaintiffs' Original Petition.

18. C&G denies the allegations in Paragraph 18 as it is without knowledge to respond to the statements in Paragraph 18 of Plaintiffs' Original Petition.

19. C&G has no knowledge of the facts stated in Paragraph 19 and therefore denies the statements in Paragraph 19 of Plaintiffs' Original Petition.

20. C&G is without knowledge to respond to the statements in Paragraph 20 of Plaintiffs' Original Petition and therefore must deny same.

21. C&G denies the allegations in Paragraph 20 of Plaintiffs' Original Petition.

### VI. Causes of action

22. C&G is not required to respond to the statements in Paragraph 22 of Plaintiffs' Original Petition.

23. C&G denies the allegations in Paragraph 23 of Plaintiffs' Original Petition.

24. C&G denies the allegations in Paragraph 24 of Plaintiffs' Original Petition for insufficient knowledge.

25. C&G denies the allegations in Paragraph 25 of Plaintiffs' Original Petition.

26. C&G denies the allegations in Paragraph 26 of Plaintiffs' Original Petition.

27. C&G is not required to respond to the statements in Paragraph 27 of Plaintiffs' Original Petition.

28. C&G denies the statements in Paragraph 28 of Plaintiffs' Original Petition for insufficient knowledge.

29. C&G denies the allegations in Paragraph 29 of Plaintiffs' Original Petition.

30. C&G denies the allegations in Paragraph 30 of Plaintiffs' Original Petition.

31. C&G is not required to respond to the statements in Paragraph 31 of Plaintiffs' Original Petition.

32. C&G denies the allegations in Paragraph 32 of Plaintiffs' Original Petition.

33. C&G denies the allegations in Paragraph 33 of Plaintiffs' Original Petition.

34. C&G has no knowledge as regards Plaintiffs Stefan Mueller or Jeremy McGuire and

therefore denies the allegations as them in Paragraph 34 of Plaintiffs' Original Petition. C&G specifically denies the remainder of the allegations in Paragraph 34 of Plaintiffs' Original Petition.

35. C&G denies the allegations in Paragraph 35 as they pertain to all Plaintiffs except Mr. McGuire and Mr. Mueller, and deny the latter for insufficient knowledge.

## VII.   Jury Trial

36. C&G is not required to respond to the statements in Paragraph 36 of Plaintiffs' Original Petition.

37. The allegations in Paragraph 37 of Plaintiffs' Original Petition are moot.

## VIII.   Prayer

38. C&G denies all of the allegations and relief sought in Paragraph 38 of Plaintiffs' Original Petition.

## C&G'S AFFIRMATIVE DEFENSES

39. Plaintiffs' Original Petition fails to state a cause of action against C&G upon which relief can be granted.

40. C&G asserts that it is not the employer of Plaintiffs Stefan Mueller or Jeremy McGuire and therefore not obligated to pay maintenance and cure to those Plaintiffs and their cases against C&G should be dismissed.

41. C&G asserts that Plaintiffs have not complied with the requisite to claim maintenance and cure, either in law or in fact and therefore Plaintiffs' claims should be dismissed.

42. C&G asserts that each Plaintiff caused or contributed to his own injuries and damages in that he failed to exercise that degree of care imposed upon him in law, thus rendering him comparatively negligent, such that any claims asserted herein by Plaintiffs should be reduced and/or barred in consequences thereof and in proportion thereto.

43. C&G further asserts that the injuries, illnesses, and damages allegedly sustained by

Plaintiffs were the result of an "unavoidable accident," as that term is known and understood in law, i.e., an event occurring without the negligence of any party to it.

44. C&G further asserts that Plaintiffs' alleged injuries and damages, if any, were the result of risks assumed by Plaintiffs and/or occurred, if at all, as a proximate result of the risks of the natural hazards of the occupation, activity, or habit that were or should have been realized and appreciated by Plaintiffs.

45. C&G asserts that Plaintiffs have failed to mitigate their damages and, consequently, engaged in conduct which exacerbated the damages sued upon herein.

46. C&G further asserts that Plaintiffs' injuries, if any, were the result of an Act of God (*force majeure*).

47. C&G further asserts that Plaintiffs' injuries, if any, predated the incident giving rise to this suit and, as such, are pre-existing conditions for which C&G is not liable or responsible.

48. C&G further asserts that Plaintiffs' claims for punitive, pecuniary, or exemplary damages are barred as a matter of law if Plaintiffs were not Jones Act seamen as alleged.

49. C&G asserts that Plaintiffs' claims against C&G are barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

50. C&G further asserts that Plaintiffs cannot, as a matter of law, recover attorneys' fees from C&G in this action.

51. C&G further asserts that Plaintiffs' individual and respective economic damages, if any are limited to any post-tax earnings.

52. C&G further asserts that Plaintiffs' individual and respective recovery of medical or healthcare expenses is limited to those amounts actually paid or incurred by or on behalf of said respective Plaintiffs which are reasonable and necessary.

53. C&G further asserts that Plaintiffs' damages, if any, were caused by the negligent

acts and/or omissions or other legal fault of a party for whom C&G is not legally responsible, including but not limited to Plaintiffs, and that C&G is entitled to contribution/indemnity for any damages caused by those parties.

54. C&G reserves the right to amend and/or supplement its answers and defenses herein.

55. C&G prays that Plaintiffs take nothing herein, that they be discharged with their costs, and that C&G be granted any and all relief to which they may be justly entitled.

Respectfully submitted,

STEPP & SULLIVAN, P.C.

*Jad J. Stepp*
Jad J. Stepp
State Bar No. 19169100
E-mail: jstepp@ss-pc.com
Dennis J. Sullivan
State Bar No. 19473750
E-mail: dsullivan@ss-pc.com
720 Rusk
Houston, Texas 77002
Telephone: (713) 336-7200
Facsimile: (713) 336-7250

**ATTORNEYS FOR DEFENDANT C&G WELDING, INC.**

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am a member of STEPP & SULLIVAN, P.C., and that a true and correct copy of the foregoing document was served on counsel of record as noted below on this, the 29th day of November 2021.

***Via ECF***
Kurt Arnold
karnold@arnolditkin.com
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77007

                                              /s/*Jad J. Stepp*
                                              Jad J. Stepp